## ANDERSON v. SOUTHERN PAC. CO.

District Court, S. D. New York.

June 8, 1944.

Abraham M. Fisch, of New York City, for plaintiffs.

Buland, Minor & Waterman, of New York City (Jeremiah C. Waterman, of New York City, of counsel), for defendant.

BRIGHT, District Judge.

Defendant moves for summary judgment, in this action to recover overtime, under Sections 6 and 7 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 206 and 207, upon the ground that it is exempted from the provisions of Section 7 by Section 213(b)(2) of Title 29, in that plaintiffs are employees "of an employer subject to the provisions of sections 1–27 of Title 49," which subject to regulation by the Interstate Commerce Commission common carriers engaged in the transportation of passengers or property wholly by railroad, or partly by railroad and partly by water, when both are used under a common control, management or arrangement for a continuous carriage or shipment within the United States.

It is not disputed that the plaintiffs at the times for which overtime, etc., is sought, were employees of the defendant, and were engaged as lighter attendants or barge captains of lighters used for the storage or carriage of cargo in the Port of New York in furtherance of interstate commerce. It is also shown without dispute that the defendant is a common carrier by rail and water, both operated under common control and management, and having in effect an arrangement for continuous carriage or shipment between certain Atlantic ports and points on its railroad lines in the United States, in which arrangement both its railroad and steamship lines participated. It is further not disputed that the Interstate Commerce Commission has authority to and does regulate the operations of the defendant both by rail and water.

It is difficult to see, therefore, how there can be any recovery here under the Fair Labor Standards Act. This question was considered by me with reference to employees of a railroad (engaged, it is true, as building employees and, therefore, not exactly parallel in point of fact here) in

the case of Brittan v. Hudson & Manhattan Railroad Co., D. C., 50 F.Supp. 37, and a conclusion was arrived at that the defendant was exempted, the plaintiff there, as here, being an "employee of an employer subject to the provisions" of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq. I can see no reason to hold otherwise, and the defendant's motion is, therefore, granted.