**SKIDMORE et al. v. SWIFT & CO.**

No. 10493.

Circuit Court of Appeals, Fifth Circuit.

June 1, 1943.

R. Curtis McBroom, of Fort Worth, Tex., for appellants.

B. V. Thompson, of Fort Worth, Tex., for appellee.

Bessie Margolin, Asst. Sol., U. S. Department of Labor, of Washington, D. C., for amicus curiae.

Before HUTCHESON and WALLER, Circuit Judges, and COX, District Judge.

WALLER, Circuit Judge.

Appellants sued for overtime compensation under the Fair Labor Standards Act (U.S.C.A., Title 29, Sec. 201 et seq.), including attorney fees and liquidated damages, totalling approximately $77,000.00. All facts were stipulated, a jury waived, and judgment rendered for defendant. No questions as to coverage or minimum wages were involved.

Plaintiffs were firemen or elevator operators or relief firemen, none of whom regularly worked more than the minimum hours per week, unless time spent at the fire hall subject to call in case of an alarm is held to be "working".

Plaintiffs orally agreed that in addition to their regular eight-hour duties they would remain in the fire hall, or within hailing distance thereof, three and one-half to four nights each week so as to be available in the event of an alarm. On these nights they were not required to perform any tasks except to answer alarms, for which they received extra pay.

No fires occurred during the period under consideration, but there were a few occasions when a defect in the sprinkler system would automatically set off an alarm. Plaintiff Millican never answered an alarm. Dennis answered one alarm on the average of every two and three-tenths months. Skidmore answered one on the average of each two and one-half months. Rousey averaged one alarm in each fifteen months. Phennell and Hayes each answered only one alarm in two and one-half years. Roark averaged answering one alarm every five months. The time consumed in answering an alarm was ordinarily from fifteen to thirty minutes.

Plaintiffs claim the right to be compensated in overtime wages for the entire time they were in the fire hall, available in case of an alarm.

The fire hall was equipped with steam-heated, air-conditioned sleeping quarters, with a pool table, domino table, and radio for the comfort, convenience, and relaxation of the men. Plaintiffs could retire at their pleasure and sleep throughout the night unless one of the rare alarms sounded, in which event they responded and were paid for so doing.

These facts give rise to the inquiry whether under the Fair Labor Standards Act an employee is working when he is sleeping, playing pool, dominoes, or the radio, merely because he has agreed to stay on the employer's premises and be available in case of an alarm.

The mere fact that a servant has agreed to live on the place does not justify the conclusion that he is engaged in commerce even though his employer may be. One must sleep whether at home or abroad, nor is he at work when he is asleep. The vice of long hours of toil is not present here. The employees worked eight hours during the day and rested, relaxed, played, or slept on nights in the hall according to the pleasure of each.

Certainly plaintiffs are not entitled to recover overtime compensation for sleeping.

Paragraph 6 of Interpretative Bulletin No. 13 expresses the view that a switchboard operator in a small telephone exchange, who has her bed alongside the switchboard, and who during the night is sometimes awakened by the alarm bell when a call comes in, but who is able to get several hours of uninterrupted sleep every night, as experience over several months can demonstrate, should have her sleeping hours segregated from the hours worked. We think this interpretation is correct.

█ The Act does not require payment of wages to an employee merely because he is away from home. Nor does the Act undertake to regulate or restrict reasonable and bona fide agreements whereby an employee agrees to be available if needed. "Working" is not synonymous with "availability for work".

█ Plaintiffs, in their proof, have failed to segregate sleeping time from non-sleeping, pool, domino, and radio, playing time. Even if the plaintiffs had been entitled to recover for hours spent in boredom, or waiting for bedtime, or an alarm, the proof wholly fails to prove the actual hours spent either in sleeping, playing pool, dominoes, or radio, dressing, shaving, bathing, or in any of said enterprises, the burden of which was on the plaintiffs.[1]

The judgment below is affirmed.

---

[1] Super-Cold Southwest Co. v. McBride, 5 Cir., 124 F.2d 90. Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172.