**WANTOCK et al. v. ARMOUR & CO.**

No. 8412.

Circuit Court of Appeals, Seventh Circuit.

Feb. 5, 1944.

Paul E. Blanchard, Chas. J. Faulkner, Jr., and John Potts Barnes, all of Chicago, Ill., for appellant.

Hart E. Baker, Ben Meyers, and Meyers & Meyers, all of Chicago, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

This appeal involves the application and construction of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Specifically it is an action brought by two of defendant's employees to recover overtime compensation and liquidated damages. The terms of their employment were unusual and out of the ordinary in that, as auxiliary firemen, they were employed during one period on a 48-hour work shift with the ensuing 48 hours off and during another period there were alternating stretches of 24 hours on and 24 hours off.

During the work periods, appellees performed active, specific services from 8 A. M. until 5 P. M., with a half hour for lunch. At 5 P. M., their active labor ceased, and appellees were free to do as they pleased until 8 o'clock the next morning, subject, however, to the restriction that they had to remain in the firehouse so as to be *subject* to call in case of fire. They devoted this time from 5 P. M. to 8 A. M. to such recreations or sleeping or eating as their natures and desires dictated. They responded to fire calls if any were made, which was seldom.

Plaintiff Smith, on an average, responded to a call about once every four weeks, while Wantock was called once every three and one-half weeks. Smith's longest call took seven and a half hours, while Wantock's longest was three hours. The average call for Smith was fifty-eight minutes and for Wantock, forty-seven minutes.

Speculation suggests that the employees divided their time between reading, listening to the radio, solitaire, gin rummy, and sleeping. The District Court found, on the basis of scant testimony, that the employees devoted one and one-half hours to eating and seven hours to sleeping each twenty-four hours. It made deductions accordingly.

The judgment for Wantock was for overtime compensation of $505.67 and liquidated damages of $505.67 and $600 for attorneys' fees. The judgment for Smith was similar, excepting as to amounts. Overtime was $943.07, liquidated damages, $943.07, and attorneys' fees of $650.

Two questions are raised:

(a) Were plaintiffs engaged in the production of goods for commerce within the

meaning of Title 29, Sec. 203(j) and Sec. 207, U.S.C.A.?

(b) Did plaintiffs work in excess of the maximum hours permitted by Title 29, Sec. 207, U.S.C.A., without payment of overtime wages?

■ (a) We are bound by the decision of the Court in Walton v. Southern Package Corporation, 64 S.Ct. 320, decided by the Supreme Court, January 3, 1944, and hold that plaintiffs were within the coverage of the Act in question. In other words, an auxiliary fireman is not unlike a night watchman, and his services are necessary for the production of goods for commerce so as to fall within the holding of this decision, which is binding upon us. See also, Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638, which in the opinion of the concurring Justice bound him to the conclusion expressed in the majority opinion in said Walling case.

(b) On the second question, appellant cites, and relies heavily on, Skidmore v. Swift & Co., 5 Cir.,136 F.2d 112, which is nearly in point, but is distinguishable in fact from the instant case in that there the employer and employee agreed to special separate compensation in case the employees received a fire call. Appellant attempted to avoid this fact distinction by saying that here the employees were paid for the fire call service on the basis of weekly compensation whereas in the Skidmore case, the employees were paid extra, on an hourly basis, for answering fire alarm calls.

We think the appellant has not overcome the fact distinction of the Skidmore case, although we are not certain that such distinction would or should materially affect the conclusion.

It seems to us that the question is one which only the court of last resort can answer finally, and our conclusion affords but a resting place, as it were, for the passage of this question on its flight from the court of original jurisdiction to the Supreme Court.

■ Our conclusion is that the decision must turn on the language of the Act. Congress, not the court, was legislating. Responsibility for this legislation in general and the exceptions and limitations of the Act rests with the Congress. The courts only apply the Act and, in case of doubt, perhaps, give it a construction which the language of the Act and the purpose of the legislation, demand. In this last function—if the language of any section necessitates it—we may not overlook the purposes or object of the legislation and the intent of Congress in choosing its language.

■ Section 207 is definite and specific and provides that:

"No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

"(1) for a workweek longer than forty-four hours during the first year from the effective date of this section,

"(2) * * *,

"(3) * * *,

unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Then follow exceptions wherein definitions are given of the instances where the employer would not be deemed to have violated this section. None of the exceptions includes a situation such as is here disclosed.

If there is to be an exception, in addition to those specifically made, added to Section 207, it is for Congress rather than the courts to make it.

The only legal question, as we see it, is, therefore, directed to the ascertainment of the legal status of the plaintiffs to the defendant during those periods when they were subject to call as auxiliary firemen. Notwithstanding the latitude they had in their activities, we are convinced that their legal status was that of employee during that time.

Inconsistency is at once suggested when a distinction is made between an employee living in the packing house, who is subject to call, but who is sleeping, and one who is subject to call and is listening to the radio or playing solitaire. The correctness of the District Court's holding that time devoted to sleeping and eating should not be counted as part of overtime, is not before us. The employees have not appealed from that part of the judgment, which is adverse to them. Therefore no question of difference between sleeping and eating on the one side and playing solitaire, listening to the radio or reading on the other hand, is before us.

It is perhaps true that Congress did not visualize a case of this kind when the Act was passed. If this be a sound premise, we

suggest without temerity, and we hope without appearing immodest, that it would be highly appropriate for Congress to amend the Act. Surely courts *cannot*, or, it might be more correct to say, *should* not do the amending.

The judgment is affirmed.

SPARKS, Circuit Judge, dissents.