## SUPER–COLD SOUTHWEST CO. v. McBRIDE.

### No. 9944.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1941.

Rehearing Denied Jan. 15, 1942.

William Lipscomb and George E. Seay, both of Dallas, Tex., for appellant.

Curtis E. Hill and Robert W. Hancock, both of Dallas, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was under Section 16 of the Fair Labor Standards Act of 1938,[1] to recover time and a half for overtime. The claim was that from October 24, 1938, to March 1, 1940, plaintiff's regular hourly rate of pay was forty-one and two-thirds cents per hour, and that in that period he worked a total of approximately 1,136 overtime hours, for which he was due sixty-two and one-half cents per hour. The defenses were: (1) a general denial; (2) that plaintiff was not engaged in commerce or in the production of goods for commerce; (3) that defendant is a retail and service establishment, the greater part of whose servicing and selling is in intrastate commerce, and therefore it is expressly exempted under Section 213, (a) (2), of 29 U.S.C.A., section 13(a) (2) of the act.

Tried to the court without a jury, the evidence showed that defendant buys mechanical refrigerators from the Super-Cold Corporation of Los Angeles, California, and brings them into Texas for sale, distribution and service, from its place of business in Dallas, to customers located almost entirely in the State of Texas, with a few in Oklahoma and Louisiana, and that it was therefore engaged in part in interstate and in part in intrastate commerce. It showed too: that McBride was employed under an oral contract, to help unload the refrigerators from the cars and place them in plaintiff's place of business, to install such units of mechanical refrigerators as were sold, and to service them after they had been sold and installed; and that while his duties carried him on occasions to the State of Oklahoma, most of his work was done in the State of Texas. In the agreement for paying McBride $25 a week, nothing was said about overtime work and particularly there was no agreement that the $25 a week he was paid should include pay for overtime. Plaintiff showed that he did do overtime work and that some of it was in interstate commerce, but he did not show that all of it was. Indeed he left it very uncertain as to how much was in and how much was not in such commerce. In addition as to most of the Sunday overtime claimed he not only failed to show that it was in interstate commerce but also failed completely to show how much of such work he did, his proof showing not that he worked on that day but merely that he was "on call".

Upon its defense, that it is a retail and service establishment doing the greater part of its servicing or selling in intrastate commerce, defendant showed merely that the greater part of its sales were in individual units and all its servicing was for the units sold and on this fact alone it rested its case for exemption.

The district judge found: that defendant was in commerce; that it was not exempt under the act as a retail or service establishment; that plaintiff's agreed pay was not to cover overtime; and that he was entitled to recover for all the time he claimed, including Sunday time "on call". He gave plaintiff judgment for $1,232.31 as unpaid overtime compensation, an additional amount of $1,232.31 as liquidated damages, and $250 as attorney's fees.

Appellant complaining of the judgment as erroneous and asking its reversal, does not contend here that it was not engaged in interstate commerce nor that McBride was working under an agreement to cover overtime. It pitches its attack upon the judgment on three grounds; (1) that it was a retail establishment exempt under the act;

---

[1] 29 U.S.C.A. § 216.

(2) that if it was not, plaintiff was not entitled to the judgment that he got because his evidence does not show what part of the overtime work he claims was inter-, as opposed to intra-, state commerce; (3) that in any event, so much of the judgment as allowed plaintiff recovery for Sunday overtime "on call" was erroneous because under the evidence in the case, "on call" is not equal to "at work", but quite the contrary.

 We have carefully considered appellant's claim in the light of the record. We think it clear that its claim of exemption may not be sustained. The act is unambiguous and operates to exempt all those coming within its terms and those terms cannot be enlarged or diminished by rulings of the Administrator, such as that, because sales are made to commercial instead of to private users they are not sales at retail. If therefore defendant were otherwise a retail dealer, we should hold it exempt though the retail sales were made to commercial rather than to private users. But in no reasonable view of the term the statute uses, can it be said that appellant's plant was either a retail or service establishment. Such servicing as it did was only in connection with its prime business of selling, and the selling as it did was, not retail selling in the generally accepted use of that term.

 On its second point, that the proof is insufficient to support the verdict and judgment, appellant stands better. Appellee did make proof that part of the overtime he claimed was done on work outside of Texas. He made proof too that a part of it was done in unloading the refrigerator equipment from the cars on its arrival in Dallas under consignment from the manufacturer in California. We think it clear that such overtime was in commerce. But the greater part of the overtime work claimed was in connection with, delivering units of equipment from the warehouse to a purchaser's place of business in Texas for installation and servicing these installations after they had been set up. An employee working both inter-state and intra-state must point out what part of his work was in intra- and what part in inter-state commerce. Klotz v. Ippolito, D.C., 40 F.Supp. 422; Fleming v. Arsenal Building Corporation, D.C., 38 F.Supp. 207; Jewel Tea Co. v. Williams, 10 Cir., 118 F.2d 202. It was error too to allow plaintiff for the time set up in his Exhibit A, as "Sundays on call" without further explanation, a recovery for 12

hours overtime each day. Putting aside the unreasonableness of the claim that because he was "on call" on Sunday he was "at work" for 12 hours, when eight hours was his work day, we think it clear, that the mere statement that he was "on call" without more, in the face of the record which shows that a person "on call" merely had to leave his telephone number or place where he could be found, is not proof that he was engaged in work either regular or overtime within the meaning of the Fair Labor Standards Act. For the failure of the proof in these respects, the judgment is reversed and the cause is remanded with directions to ascertain and allow plaintiff for, the amount of actual overtime he worked in interstate commerce including therein all time worked in such commerce whether on Sunday or any other day and excluding therefrom all time claimed when the claim is merely for being "on call" without more.

Reversed and remanded with directions.