## WHITE MOTOR CO. v. LITTLETON et al.

### No. 10015.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1941.

R. Curtis McBroom and Jack Carter, both of Fort Worth, Tex., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellees are mechanics who were employed during 1938 and 1940 in the service and repair department of the Dallas branch of the White Motor Company. They brought this suit under Section 16 (b) of the Fair Labor Standards Act of 1938[1] to recover unpaid wages alleged to be owing to them under Section 6 of the Act. This appeal is from a judgment in favor of the workmen. In view of the conclusion we have reached, it will be necessary to discuss but one of the several grounds urged for reversal. We think the case should have been dismissed for the reason that this employer was not subject to the provisions of Section 6 of the Act.

Section 13 (a) (2) of the Act provides that Section 6 thereof shall not apply with respect to any employee engaged in any retail or service establishment, the greater part of whose selling or servicing is in intrastate commerce. The establishment in which these employees were engaged sold the products manufactured by the parent organization elsewhere, serviced and performed specified changes in those products, and conducted a repair and reconditioning department. It is admitted that this was a service establishment, and whether it was also a retail establishment is disputed in argument but not disputed in the evidence.

Plaintiffs below introduced no evidence bearing on the question, and the trial court made no express finding thereon. C. H. Guntherman, appellant's district accountant, testified in behalf of the company that over seventy per cent of the sales by the Dallas branch were made direct to the consumer in quantities never in excess of six units during the period from 1938 through 1940. The inference from the entire evidence is that all sales to the ultimate consumer in excess of one or two units were unusual. Guntherman's testimony was not contradicted, and the witness was not impeached.

The word *retail* is not defined by the Act. Given its common and ordinary acceptation when used in sales parlance, it means a sale in small quantity or direct to the consumer, as distinguished from the

Henri Louie Bromberg and Benjamin G. Habberton, both of Dallas, Tex., for appellant.

word *wholesale,* meaning a sale in large quantity to one who intends to resell.[2] The character of the sale is not altered by the use to which the consumer may put the purchased commodity. These sales were preponderantly retail although the products sold were used subsequently for commercial purposes.[3]

■■ It appearing that appellees were engaged in a retail and service establishment, said Section 6 did not apply to appellant if the greater part of its selling or servicing was in intrastate commerce. If the phrase *selling or servicing* be construed disjunctively, clearly appellant falls within the exemption provided by the statute. The witness Guntherman testified that all of the sales made by the Dallas branch during the period in question, with the exception of one truck, were intrastate. The only evidence to the contrary was the testimony of appellees' witness Duke that he had delivered trucks from the Dallas branch to a consumer in New Mexico. He also had made other interstate deliveries, but none of these was a sale. Taking the evidence in the light most favorable to appellees, it is clear that more than ninety per cent of the sales by the Dallas branch were intrastate. Construed disjunctively, the statute exempts appellant if either more of the sales or more of the servicing was intrastate, and the preponderance of the intrastate selling alone is sufficient to render Section 6 inapplicable.

If *selling or servicing* was intended to be a conjunctive phrase (which is most plausible in cases where the employer is a selling and servicing establishment), the same result is reached. The evidence most advantageous to appellees discloses that approximately eighty per cent of the servicing was interstate and over ninety per cent of the selling was intrastate. Therefore, if the total volume of business transacted was divided equally between selling and servicing, the greater portion would be intrastate. The only evidence in the record relating to the ratio of each class to the total volume of business is found in the testimony of Guntherman. He was asked, "Is that the principal part of your business, this servicing?" He answered, "No, Sir, it is more or less supplementary to the sales end of it."

With the record in this state, every reasonable interpretation of Section 13 (a) (2) of the Act finds this appellant squarely within the exemption it provides. Section 6 thereof has no application here, and the judgment founded upon it cannot stand. The judgment appealed from is reversed, and the cause remanded to the court below for further proceedings not inconsistent with this opinion.

HUTCHESON, Circuit Judge (specially concurring).

In addition to the reason given in the opinion for reversing the judgment of the trial court, I think it clear that it must be reversed, because of the complete failure of the proof to show how much of the work done by plaintiff was in interstate and how much in intrastate commerce. There was some testimony that some of the plaintiffs did some work in "commerce". But it is clear that by far the greater part of the work done by them was not. An employee doing work both in inter- and in intra-state commerce must point out, with sufficient definiteness to rest a finding on what part of his work was in interstate and what part in intrastate commerce. Super-Cold Southwest v. McBride, 5 Cir., 124 F.2d 90. This the proof wholly failed to do.

[2] Great A. & P. Tea Co. v. Cream of Wheat Co., 2 Cir., 227 F. 46; Warren v. Fink, 146 Kan. 716, 72 P.2d 968; Suabedissen-Whittner Dairy v. Indiana, 105 Ind.App. 626, 16 N.E.2d 964; Webster's New International Dictionary; Words

and Phrases, Perm. Ed., Vol. 37, pages 502 et seq.

[3] Cf. Great A. & P. Tea Co. v. Cream of Wheat Co., supra; Super-Cold Southwest Company v. J. L. McBride, 5 Cir., 124 F.2d 90.