## CAMFIELD et al. v. WEST TEXAS UTILITIES CO.

### No. 41.

District Court, N. D. Texas, San Angelo Division.

April 29, 1942.

McCraw & Holt, of Dallas, Tex., and Hughes, Hardeman & Wilson and T. R. Johnston, all of San Angelo, Tex., for plaintiffs.

Wagstaff, Harwell, Douthitt & Alvis and A. K. Doss, all of Abilene, Tex., and Collins, Jackson, Snodgrass & Blanks, of San Angelo, Tex., for defendant.

ATWELL, District Judge.

Employees, Camfield, Ray and Carson, bring this suit against their employer, the defendant, for themselves, and eighty-four other employees, "similarly situated." They sue for a large sum for alleged overtime, beginning the week ending March 1st, 1940, to and including the week ending December 10, 1940.

Findings of fact and conclusions of law have been filed, and it would serve no good purpose to repeat them here, other than to say that the defendant is a Texas corporation, with its principal office at Abilene, operating over 45,000 square miles of forty-eight counties of Western Texas, generating electricity, producing and distributing water, gas, and manufacturing ice to and for consumers in those counties in an hundred and sixty-six different communities, all adjacent and largely rural.

Its electric generating plants, with an aggregate capacity of something over 50,000 kilowatts, are situated at San Angelo, Abilene and Lake Pauline, the latter being near Quanah. The Abilene plant is intermittently needed.

It has 2,600 miles of electric transmission lines; thirteen ice plants; seven water plants; one hundred and forty-six miles of main; one gas plant, with eight miles of main. It employs approximately one thousand persons. Its gross revenue is about $4,500,000 per annum, realized from sales to approximately 13,265 commercial, municipal and industrial users, and to approximately 39,200 domestic consumers, with assets of about $45,000,000.

Eight employees engaged in the power part of the Lake Pauline plant are

entitled to recover for the unpaid part of overtime statutory charge, because, while they worked in the production of energy for both intrastate and interstate, and, even though the time worked in intra and the time worked in inter production, cannot be separated, they are, nevertheless, entitled to recover. Enterprise Box Company v. Fleming, 5. Cir., 125 F.2d 897; United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430. I am mindful of the rule announced in Super-Cold Southwest Co. v. McBride, 5 Cir., 124 F.2d 90, but there is no practicable way to separate the employees' work and say so much was devoted to intra, and so much to inter, activities. While these employees were at work, they produced energy used in both intra and inter state commerce. It is inconceivable that · they should not have the benefit of this wage-hour statute, Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

All of the other employees were engaged largely and almost exclusively, in intrastate commerce. Neither of such employees has offered testimony tending even to segregate or show the number of hours employed by him in either intra, or inter, state commerce. The hours are simply lumped together. That being a fact, they cannot recover.

The case pressed by counsel for the plaintiffs, National Labor Relations Board v. West Texas Utilities Co. 5 Cir., 119 F.2d 683, 684, dealt with an entirely different statute. The statute, 29 U.S.C.A. § 151 et seq., there under consideration related to such activity as "affects interstate commerce." The statute with which we are dealing is concerned with interstate commerce, or, the production of goods for interstate commerce. This difference has been emphasized so often that it is needless to comment further.

That some of the concerns to which the defendant ministered were engaged in interstate commerce, such ministrations being a minor part of its production, does not charge it with being engaged in commerce, since none of such. customers either sold what was received from the defendant, or produced with what it received from the defendant, any significant part for commerce, that could be credited, or that was credited,. to any particular portion of the labor of any employee, except those grant-

ed recovery at the Pauline Plant already mentioned.

Judgment may go for the eight plaintiffs mentioned, and against all other plaintiffs.