### SNAVELY et al. v. SHUGART.

#### No. 628.

District Court, S. D. Texas, Houston Division.

May 12, 1942.

Leon C. Levy, of Houston, Tex., for plaintiffs.

Merrill & Scott and (W. H. Scott), all of Houston, Tex., for defendant.

KENNERLY, District Judge.

Several plaintiffs on October 20, 1941, sued defendant under the Fair Labor Standards Act of 1938, Sections 201 to 219, Title 29 U.S.C.A., and this is a trial of the case between plaintiffs L. L. Snavely, Everett L. Supka, and Leroy L. Gaudin, and defendant. The period covered by plaintiffs' pleadings is from October 24, 1938, to June 1, 1941, and the claim is that plaintiffs worked more hours per week and were paid less wages per week than permitted by such Act. The facts are substantially as follows:

(a) Defendant is engaged in the business of testing the eyes of a person, prescribing proper glasses for him, and making and fitting him with glasses. Also engaged in making and fitting a person with glasses upon the prescription of some other person—a doctor—who has tested his eyes.

(b) Defendant buys his supplies—eye glass lenses, frames, etc.—in the market, and most of such supplies are shipped to him in interstate commerce from points outside of Texas. None of these plaintiffs, however, had during their employment anything to do with such shipments before such supplies come to rest in the store room of defendant, except plaintiff L. L. Snavely, who was bookkeeper for defendant and who handled the invoices, bills, etc., and did the bookkeeping in connection with such interstate shipments. Snavely kept the books covering defendant's entire business, and there is no dependable evidence as to the time Snavely was employed in connection with such supplies.

(c) About 5% of the glasses made and fitted by defendant were ordered from and shipped to points outside of Texas and in interstate commerce. Approximately 1% of defendant's income from his business was from such interstate business. The plaintiffs Supka and Gaudin were engaged in making glasses, and plaintiff Snavely kept the books of defendant with respect to the business, but there is no dependable evidence as to the time either of them were employed in connection with the glasses made and shipped to points outside of Texas, i.e., in interstate commerce.

(d) The glasses made by defendant were made for persons residing in Texas, except the percentage stated above, and the business was retail and service in its nature, except that in some instances, it was called wholesale, because the order for the glasses came through a doctor and were shipped to a doctor, and such doctor was charged less than individuals who ordered direct. In other words, the doctor was, in those instances, given what defendant calls a wholesale price. However, the doctor did not sell the glasses indiscriminately, but delivered them to the person ordering them and for whom they had been prepared. I do not regard this as being wholesale. The far greater part of defendant's selling and servicing in connection with such glasses was, and the far greater part of his income from selling and servicing was, during the period, in intrastate commerce and not interstate commerce.

(e) There is no dependable evidence that either of the plaintiffs was employed

in a bona fide executive or administrative capacity.

(f) Plaintiff Snavely went to work for defendant January 9, 1939, and worked until June 1941. Plaintiff Gaudin went to work for defendant in 1938, before the Wage and Hour Law became effective, and worked until August 16, 1941. The record does not show when plaintiff Supka went to work for defendant nor how long he worked.

(g) The record is doubtful and confusing as to hours worked and wages paid each Plaintiff during part of the time, but as to the major portion of the time, I find that under an express or implied contract between each plaintiff and defendant, plaintiffs were paid in excess of the minimum wages fixed by the Act and were paid time and a half for all overtime as required by the Act.

1. Where, as here, plaintiffs worked both in Intrastate and Interstate, they, in order to recover, have the burden to prove how much time they were employed in Interstate Commerce. Klotz v. Ippolito, D.C., 40 F.Supp. 422; Fleming v. Arsenal Building Corporation, D.C., 38 F.Supp. 207; Jewel Tea Co. v. Williams, 10 Cir., 118 F.2d 202; Super-Cold Southwest Co. v. McBride, 5 Cir., 124 F.2d 90; White Motor Co. v. Littleton, 5 Cir., 124 F.2d 92.

2. I think it is perfectly clear that defendant was, during such period, engaged as a retail and/or service establishment, the greater part of whose selling and/or servicing was in intrastate commerce. Fleming v. Sondock, D.C., 43 F.Supp. 339; Super-Cold Southwest Co. v. McBride, supra; Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172; Swift & Co. v. Wilkerson, 5 Cir., 124 F.2d 176; White Motor Co. v. Littleton, supra; Duncan v. Montgomery Ward & Company, D.C., 42 F.Supp. 879; Prescription House, Inc., v. Anderson, D.C., 42 F.Supp. 874.

3. The evidence is not sufficient to establish that either of the plaintiffs worked in a bona fide executive or administrative capacity.

4. The weight of the evidence shows that during the major portion of the period, plaintiffs were working for defendant under a contract similar to the one in Fleming v. A. H. Belo Corp., 5 Cir., 121 F.2d 207.

From what has been said, it follows that judgment must go for defendant.