This is an appeal from a judgment maintaining an exception of no cause of action. The plaintiff, William C. Brister, alleges that he was employed by the defendant, Boylan's Private Police, Inc., as a night watchman during the period from May 4, 1939, through December 22, 1939, and that he worked each and every night with the exception of nine nights; that the defendant corporation is engaged in the business of "furnishing and supplying day and night watchmen, keepers, guards and other similar and like types of persons for the protection, preservation, and safety of the goods, products, merchandise, property, persons and any and all things whatsoever that they as a corporation may be engaged to protect, preserve, watch and safeguard by hiring and leasing out by the day, night, week, month or any other period, the services of persons employed by them"; that acting in the scope of its business, the defendant corporation entered into contracts with sundry business establishments, "but more particularly with the Linde Air Products Co., located at 828 Howard Avenue; American Radiator and Standard Sanitary Corporation, 846 Baronne Street; Nola Electric Corporation, 826 Baronne Street; Airflow Company, 815 Baronne Street; Hirsch Baar Clothing Co., 611 Baronne Street; Gulf Glass Paint Co., 714 Girod Street; Parke-Davis Company, 1007 Camp Street; Simplex Manufacturing Company, 855 Baronne Street; all of which said persons, firms, and corporations were and are doing business in the City of New Orleans, State of Louisiana, at all times and dates mentioned and referred to in this petition and each of which said corporations, firms and persons are actively engaged in businesses that are connected with, and affected by interstate commerce"; that each of the named parties were actively engaged in interstate commerce and that their products were produced by them to compete with similar products in other states; that petitioner's employment was subject to and controlled by the provisions of the Fair Labor Standards Act of 1938, commonly called Wages and Hours Act, Act of June 25, 1938, Public Act No. 718, Chapter 676, 75th Congress, 3rd Session, 52 Statutes at Large 1060-1069, 29 U.S.C. §§ 201-219, 29 U.S.C.A. §§ 201-219; that pursuant to the provisions of the Fair Labor Standards Act he should have received during the period which he worked for the defendant corporation the sum of $446.20 in excess of the amount paid him, and that he is entitled to an equal amount as liquidated damages or a total of $892.40 plus a reasonable attorney's fee, which he fixes at $500. In a supplemental and amended petition the allegations of plaintiff's original petition are somewhat amplified and contains the statement that the defendant "is engaged in a business which is effected (affected) by interstate commerce * * * and that the said defendant * * * is engaged in a service establishment, which said service establishment does not fall within the exemption of the Fair Labor Standard Act of 1938, Section 13 (a)(2), 29 U.S.C.A. § 213 (a)(2), according to Interpretative Bulletin No. 6 of the United States Department of Labor, Wage and Hour Division, office of the General Counsel, which said bulletin is hereto attached and made a part hereof".
The question presented in so far as the exception of no cause of action is concerned is whether, according to the pleadings, a case has been stated within the rule and without the exemption of the Fair Labor Standards Act which, in terms, exempts "any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce". Sec. 13 (a)(2).
We are not now concerned with the question of whether a watchman guarding goods destined to move in interstate commerce is himself engaged in interstate commerce, but whether or not the watchman's employer is a service establishment, and since this is a case before us on an exception of no cause of action, the crucial question is whether there is any allegation in plaintiff's petition which might fairly be said to have asserted that the defendant's business is not within the exemption mentioned in the act. This brings us to the only part of the petition which is pertinent, namely, that part which alleges that the defendant "does not fall within the exemption of the Fair Labor Standards Act of 1938, Section 13 (a)(2), according to Interpretative Bulletin No. 6 of the United States Department of Labor, Wage and Hour Division, office of the General Counsel, which said bulletin is hereto attached and made a part hereof". *Page 388 
The Bulletin of the Labor Department referred to sustains the position of plaintiff's counsel in that it holds that a concern, whose business consists of the furnishing of "watchmen, guards and detective supply", is not a service establishment within the meaning of the exemption contained in the Fair Labor Standards Act. See Dennis v. Equitable Equipment Co., Inc., 7 So.2d 397, decided by this Court on March 16, 1942, and not yet reported where we noted this ruling of the Department. The Department of Labor itself, however, as appears from the Interpretative Bulletin referred to, is in some doubt as to the correctness of its ruling, for it says: "This opinion is not free from doubt in respect to some of such classes of businesses and does not purport to embrace all possible subclassifications".
We might add that we are in even greater doubt and inclined to agree with the view expressed by Judge Kennerly of the District Court of Houston, Texas, in Fleming, Administrator of Wage and Hour Division of United States Department of Labor v. Sondock et al., D.C., 43 F. Supp. 339, in which he held to the contrary, as appears by the syllabus in that case: "Where it appeared that employers were engaged solely in furnishing to public for a consideration detectives and watchmen, that watchmen were furnished to approximately 294 clients, all of whom resided in Texas, that approximately 59 of the clients were industrial concerns most of whom were engaged in part in interstate but mainly in intrastate commerce, and that watchmen made visits at night when the clients' businesses were not open except at three places, the employers operated a `service establishment' and the greater part of the service was made in `intrastate commerce' within Fair Labor Standards Act exemption."
In Corbett v. Schlumberger Well Surveying Corporation, D.C.,43 F. Supp. 605, 609, the same judge, in speaking of a well surveying corporation, said:
"That Defendant is a service establishment within the quoted provisions, I entertain no doubt. It did not sell goods. It sold service. The service sold was service it was able to render because of the patents owned by it and which presumably could not be rendered by any other person. It sold service just as it was held that a detective agency sold service and is a service establishment in Fleming v. Sondock, D.C.S.D.Tex., 43 F. Supp. 339, decided January 21, 1942. See, also, Super-Cold Southwest Co. v. McBride [5 Cir., 124 F.2d 90], supra; Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172; Swift Co. v. Wilkerson, 5 Cir.,124 F.2d 176; White Motor Co. v. Littleton [5 Cir., 124 F.2d 92], supra; Duncan v. Montgomery Ward Co., D.C.S.D.Tex., 42 F. Supp. 879, decided December 16, 1941; Prescription House, Inc., v. Anderson, D.C.S.D.Tex., 42 F. Supp. 874, decided December 11, 1941.
"The Government strongly combats this view. Fleming v. A.B. Kirschbaum Co., 3 Cir., 124 F.2d 567, is relied upon. Also Fleming v. Arsenal Building Corporation, 2 Cir., 125 F.2d 278. Both were cases where the employer owned and operated buildings, space in which was rented to tenants engaged in commerce or in the production of goods for commerce. Such employers were not, as here, selling service, and the line of demarcation between those cases and this is clear. Not so clear, but nevertheless existing, is the line of demarcation between the drilling contractors in Warren-Bradshaw Drilling Co. v. Hall [5 Cir., 124 F.2d 42], supra and Defendant. The Government also relies upon the ruling and interpretations of the Wage and Hour Administrator with respect to what is and what is not a Service Establishment. No ruling or interpretation of the Administrator with respect to establishments substantially similar to that of Defendant has been called to my attention. But if there be such ruling, what is said in Super-Cold Southwest Co. v. McBride, supra, is applicable."
See, also, the able opinion of Judge Holmes of the United States Court of Appeal for the Fifth Circuit in White Motor Co. v. Littleton et al., 3 Cir., 124 F.2d 92, 93, where Section 13 (a)(2) of the Fair Labor Standards Act is discussed with particular reference to the phrase "selling or servicing".
Be that as it may, if counsel's appreciation of the view of the Labor Department is correct, he has undoubtedly stated a cause of action, for the reason that if the defendant corporation is not a service establishment plaintiff comes within the protection of the Act. However, even if the Labor Department is wrong, it is not every service establishment that is exempted from the provisions of the statute, but only those service establishments, whose business is more than 50% intrastate, and *Page 389 
as to that, there is no allegation and, of course, no proof.
We are of opinion that this case cannot be decided upon an exception of no cause of action since the petition fairly raises the question as to whether or not the defendant's business is within or without the general provisions of the Fair Labor Standards Act. While there is no allegation in the petition to the effect that more than 50% of the business is in interstate commerce, doubtless because of counsel's reliance upon the holding of the Labor Department to the effect that such businesses as that conducted by defendant, are not service establishments and, therefore, not within the exemption whether their business is more concerned with intrastate commerce or not, nevertheless, there is a general allegation to the effect that defendant's business is not within the exemption mentioned in Section 13 (a)(2). Perhaps, the petition in this respect would be open to an exception of vagueness if attacked on that ground below, but it should not be summarily dismissed on an exception of no cause of action.
We, therefore, are of opinion that the judgment maintaining the exception of no cause of action should be overruled and this case remanded to the lower court.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed, the exception of no cause of action is overruled and it is now ordered that this case be remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.
Reversed and remanded. *Page 542