**SCHWARZ, for Use and Benefit of KOTEK et al., v. WITWER GROCER CO.**

**Civil Action No. 54.**

District Court, N. D. Iowa, Cedar Rapids Division.

April 20, 1943.

John D. Randall and William L. Fahey, both of Cedar Rapids, Iowa, for plaintiff.

Stewart Holmes, of Cedar Rapids, Iowa, for defendant.

SCOTT, District Judge.

This case is brought by Frank Schwarz, per se and as agent and for the use and benefit of Wm. Kotek and Wm. Meroshek, against Witwer Grocer Company, to recover for overtime and double compensation for work in commerce during the period of their employment which began on or about the month of October, 1938, and ended with January, 1942. The employees most of the time worked at a flat monthly wage, but which they reduce to hourly time according to the hours worked. Defendant is in the wholesale grocery business, having its principal plant at Cedar Rapids, Iowa, but having other plants in Iowa, and one in Wisconsin. The defendant handles beer shipped from Milwaukee and Peoria, canned goods and vegetables to some extent from Minnesota and South Dakota, and fruit from California. The defendant was undoubtedly engaged in commerce substantially, but also substantially in intrastate commerce, indeed to a greater extent than in interstate commerce. The plaintiffs during a considerable period of the time employed by the defendant, were working on what they term "the city gang", that is, they loaded goods from the defendant's warehouse onto trucks for distribution locally to retailers. For a time they also worked on what is called "the call gang", that is, they loaded trucks of customers that called at the warehouse to take out goods purchased from defendant, but this was practically all in intrastate commerce. Plaintiffs' testimony shows that they "occasionally" helped unload interstate cars, or at other points in the testimony, that when they were not busy in their own line of work they sometimes assisted other gangs in unloading beer, bananas and other interstate shipments. None of the plaintiffs seem able to testify, at least they did not testify how often they helped in interstate work, nor how long or to what extent they helped. They did not locate the time either of any particular week or month. There is an entire absence of testimony upon

1004

which to base a recovery for any particular amount in any particular week or month.

The weight of authority clearly indicates that when the employee works both in intrastate and interstate commerce, the burden is upon him to point out what part of his work was in intrastate and what part in interstate commerce, and the extent of the interstate work and when performed. I find no decision directly in point from the Circuit Court of Appeals of the Eighth Circuit. The question is well settled, however, in the Fifth Circuit. Super-Cold Southwest Co. v. McBride, 5 Cir., 124 F.2d 90, opinion by Circuit Judge Hutcheson; also, White Motor Co. v. Littleton, 5 Cir., 124 F.2d 92, concurring opinion by Circuit Judge Hutcheson. In the Western District of Missouri of the Eighth Circuit, Judge Reeves in the case of Jones v. Springfield Missouri Packing Co., D.C., 45 F.Supp. 997, cites and follows the Fifth Circuit cases supra.

I therefore conclude that plaintiffs have failed to adduce testimony to sustain their burden of proof, and that the judgment must go for the defendant, and it will be so ordered.

The Clerk will spread this opinion upon the record, and the findings found and the conclusions of law stated therein are adopted as the findings of fact and conclusions of law.