## HARRIS et al. v. HAMMOND.

### No. 10841.

Circuit Court of Appeals, Fifth Circuit.

Nov. 1, 1944.

Rehearing Denied Dec. 15, 1944.

Paul T. Chance, of Augusta, Ga., for appellants.

W. Inman Curry, of Augusta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

334

McCORD, Circuit Judge.

This suit is by three former employees of the defendant to recover unpaid minimum wages, overtime compensation, liquidated damages, attorneys' fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

The evidence is set out at length in a well considered opinion by the trial judge. Harris v. Hammond, D.C., 51 F.Supp. 91.

The question for decision is whether these employees are within the coverage of Sections 6 and 7 of the Act: "The provisions of sections 6 and 7 shall not apply with respect to (1) any employee employed in a bona fide * * * local retailing capacity, or in the capacity of outside salesman (as such terms are defined and delimited by the regulations of the Administrator); or (2) any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce." 29 U.S. C.A. § 213(a) (1) and (2).

L. C. Hammond was neither a manufacturer nor did he produce goods for commerce. Since the year 1931 he had operated a grocery and feed business at Augusta, Georgia, which is located on the State line between Georgia and South Carolina. While he sold feed to dairy customers, the majority of his sales was made to customers who entered his store. He had a limited number of customers in South Carolina, but a very large majority of his customers numbering between 100 and 150 each day and about 500 on Saturdays, entered his store and bought groceries over the counter. He owned and operated only one delivery truck and this truck was used only a part of one day each week by two employees in delivering groceries in South Carolina.

The evidence is without dispute that the gross sales of the Hammond business for several years past had been between $90,000 and $105,000 per year; that no wholesale grocery business could survive on such yearly sales. Moreover, his stock of goods varied from $15,000 to $18,000 and the accounts receivable ran around $4,000; and his grocery store was like other retail grocery stores in that section.

In the year 1939 or 1940 an Inspector from the Department of Labor, Wage and Hour Division examined the Hammond records and inspected his store and found the percentage of nonretail or wholesale business in dollars, at that time, less than 20 percent of the whole, and informed the defendant that his business was not subject to the Fair Labor Standards Act, being exempt as a retail establishment "the greater part of whose selling was intrastate commerce." A second inspector coming in later, confirmed the earlier inspector upon finding the so-called wholesale sales had not increased.

The law is now well settled that those engaged in and employed in such establishments, which sell goods or merchandise the greater part of which is in intrastate commerce, do not come within the purview of the Fair Labor Standards Act. White Motor Co. v. Littleton, 5 Cir., 124 F.2d 92; Super-Cold Southwest Co. v. McBride, 5 Cir., 124 F.2d 90. Moreover, if the plaintiffs here had performed any service which was interstate they have signally failed to show to what extent this service was performed. Walling v. Goldblatt Bros., 7 Cir., 128 F.2d 778; Jax Beer Company v. Redfern, 5 Cir., 124 F.2d 172.

There is abundant evidence to be found in the record which supports the findings and decree of the court trying the case without the intervention of jury, and the judgment is affirmed.