MITCHELL, Secretary of Labor

v.

WARREN.

No. 14689.

United States Court of Appeals
Fifth Circuit.

May 31, 1954.

Bessie Margolin, Asst. Sol. U. S. Dept. of Labor, Washington, D. C., Stuart Rothman, Solicitor, E. Gerald Lamboley, Attorney, United States Department of Labor, Washington, D. C., Beverley R. Worrell, Regional Attorney, Birmingham, Ala., for appellant.

Julian Webb, Donalsonville, Ga., Vance Custer, Bainbridge, Ga., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

STRUM, Circuit Judge.

This suit was brought by the Secretary of Labor on behalf of Jenkins J. Drake, an employee of defendant, to recover unpaid minimum wages alleged to be due by the defendant to said employee under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 206.

The Secretary appeals from a judgment entered upon a directed verdict for the employer, based upon the ground that the evidence did not show what portion of the employee's time was spent in interstate commerce, within the doctrine of Super-Cold Southwest Co. v. McBride, 5 Cir., 124 F.2d 90, the employee having spent part of his time in intrastate and part in interstate activities.

The appellee-employer is engaged in the business of buying and selling petroleum products, and related commodities, at Donalsonville, Georgia. The employee, Drake, is one of her truck drivers. Several times each week he drove a tank truck from Donalsonville, Georgia, to Panama City, Florida, to secure petroleum products for appellee, hauling such products either to the employer's place of business in Donalsonville, or directly to other points in Georgia or Alabama, where they were delivered to defendant's customers at those places. At other times he also made local deliveries in and around Donalsonville, Georgia.

The district court found that Drake made from one to five trips from Donalsonville, Georgia, to Panama City, Florida, and return, *each week*, and that "quite often" he also hauled loads from Panama City to various other points in Georgia and Alabama. Drake testified that his trips from Donalsonville to Panama City varied from three to eight per week, and that each round trip, a distance of approximately 100 miles, required from 6½ to 7 hours, including loading time at Panama City. Deliveries to places other than Donalsonville required even more time, since he returned to Donalsonville after each delivery.

The trial court found that between February 13, 1950, and January 6, 1951,

the period covered by the complaint, Drake worked for defendant 3770¾ hours, for which he received $1686.00, which is an average of 80.2 hours per week, at the rate of 44.7 cents per hour, substantially less than the minimum fixed by Section 6 of the Act, as amended.

In directing the verdict, the trial judge was apparently of the opinion that the proof was insufficient because it failed to satisfy the requirement of the Super-Cold case, supra, that an employee working both interstate and intrastate must point out, with sufficient definiteness upon which to base a finding, what part of his work was in intrastate and what part was in interstate commerce. See also the concurring opinion in White Motor Co. v. Littleton, 5 Cir., 124 F.2d 92. The trial judge apparently construed this language as requiring precise and specific proof of how many hours the employee spent in each type of work, and that his recovery was limited to the number of hours the employee could specifically segregate and point out as spent in interstate driving.

In our opinion, the evidence in the present case regarding the employee's interstate activities is sufficient to bring him within the coverage of the Act and there is sufficient evidence upon which to rest a finding as to the extent of his recovery. In Walling v. Jacksonville Paper Co., 317 U.S. 564, 572, 63 S.Ct. 332, 87 L.Ed. 460, 468, it was said in effect that if a substantial part of an employee's activities relates to goods moving in interstate commerce, he is covered by the Act. See also DeLoach v. Crowley's, Inc., 5 Cir., 128 F.2d 378; Jacksonville Paper Co. v. Fleming, 5 Cir., 128 F.2d 395.

And in Tobin v. Alstate Const. Co., 3 Cir., 195 F.2d 577, 580, affirmed Alstate Const. Co. v. Durkin, 345 U.S. 13, 73 S.Ct. 565, 97 L.Ed. 745, it was said: "As long as any individual employee spends a substantial part of the workweek in commerce or in the production of goods for commerce, he is entitled to the full benefits of the Act." See also North Shore Corp. v. Barnett, 5 Cir., 143 F.2d 172, 174; Walling v. Mutual etc. Co., 8 Cir., 141 F.2d 331; Mid-Continent Petroleum v. Keen, 8 Cir., 157 F.2d 310. Cf. Tennessee Coal, Iron & R. Co. v. Muscoda Local, 321 U.S. 590, 598, 64 S.Ct. 698, 88 L.Ed. 949, 956. The parties stipulated here that the employee was engaged part of the time in interstate commerce, the only contention being that he had not identified that time, and separated it with sufficient clarity, from the time during which he was engaged in intrastate activities, to satisfy the Super-Cold case, supra.

In the Super-Cold case, and in Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172, the evidence was devoid of facts upon which a finding could be based as to the employer's interstate activities. Any finding in that respect in those cases would have rested solely upon conjecture, as there was no substantial evidence upon which the court could predicate a judgment. See also Skidmore v. Swift & Co., 5 Cir., 136 F.2d 112. Here, however, although the employee kept no hourly record of his interstate driving, there is definite evidence that he made from one to five trips *each week* between Donalsonville, Georgia, and Panama City, Florida, each of which required 6½ to 7 hours, in addition to other interstate trips of greater length, his total interstate trips varying from three to eight each week. The time consumed is readily computable from the distance, and aggregates a substantial portion of a work week.

Unlike the Super-Cold and Jacksonville Beer Co. cases, supra, we think there is clear and substantial evidence here upon which a finding for the employee could be based, and that it was error to direct a verdict for the employer.

The judgment appealed from is therefore reversed and the cause remanded for a new trial.