W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

TRANSPORTES BAXTER, S.A., a corporation; Air Van Pack, Inc., a corporation; F. S. Rudesheim, individually, as President of Transportes Baxter, S.A., and as Secretary of Air Van Pack, Inc., Defendants.

Civ. A. No. 6040.

District Court, Canal Zone, Division Balboa.

April 12, 1966.

Morton J. Marks, Regional Atty., United States Department of Labor, Santurce, P. R., for plaintiff.

De Castro & Robles, Balboa, Canal Zone, for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CROWE, District Judge.

This cause was brought by W. Willard Wirtz, Secretary of the United States Department of Labor, under Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) hereinafter referred to as the Act, to enjoin defendants from violating the provisions of Sections 15(a) (2) and 15 (a) (5) of the Act, and seeking such other and further relief as may be necessary and appropriate.

The case came on for a pre-trial conference before the Court on April 12, 1966 at Balboa, Canal Zone. Having considered the stipulations of fact entered into by the parties in open court, arguments and statements of counsel, the pleadings, and being otherwise fully advised in the premises, the Court hereby makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Transportes Baxter, S.A., a Panamanian corporation having offices at Curundu, Canal Zone, and F. S. Rudesheim, individually, and as President of Transportes Baxter, S. A., are employers engaged, among other things, in moving household and other goods from the Canal Zone to points outside thereof, into the Canal Zone from points outside thereof, and between points within the Canal Zone, an instrumentality of commerce within the meaning of the Act. Air Van Pack, Inc., a Panamanian corporation having offices in the Canal Zone at the same premises as Transportes Baxter, S. A., and F. S. Rudesheim, individually, and as Secretary of Air Van Pack, Inc., are employers engaged, among other things, in the packing and crating of household goods

which are moved, as described herein, by Transportes Baxter, S. A.

2. During the period from January 1, 1964, to April 29, 1965, defendants employed and are employing approximately one hundred and seventeen (117) employees in the activities described above and have failed to pay some of them for said work at rates not less than $1.25 an hour, which is the minimum rate applicable to defendants and their employees. Defendants have also failed to pay certain of their employees for hours worked in excess of forty (40) in a workweek at rates not less than one and one-half times their regular rates of pay.

3. Defendants have failed to make, keep and preserve, records which adequately and accurately show, among other things, the hours worked each workday and the total hours worked each workweek by many of their employees.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter of this cause, pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 217).

2. The defendants at all times material to this case have been employers within the meaning of the Act.

3. The employees of defendants who are engaged in the activities described in paragraph 1 of the Findings of Fact have been and are engaged in interstate commerce within the meaning of the Act. As such, they are entitled to the benefits of the Act for the entire workweek when part of the work performed in any such workweek is covered by the Act. Mitchell v. Warren Oil Co., 213 F. 2d 273 (C.A.5); Wirtz v. Chain Singh, 243 F.Supp. 239 (C.Z.1965); 29 CFR 776.7(b), fn. 20; 29 CFR 776.4.

4. Defendants have violated the provisions of Sections 6, 7, and 15(a) (2) of the Fair Labor Standards Act of 1938, as amended, by paying certain of their employees less than the minimum wage applicable to their employment under the Fair Labor Standards Act, as amended, and by failing to pay certain of their employees at rates not less than one and one-half times their regular rates of pay for hours worked in excess of forty (40) in a workweek.

5. Defendants have violated the provisions of Sections 11(c) and 15(a) (5) of the Act, and the regulations issued pursuant thereto (29 CFR 516), by failing to make, keep and preserve, adequate and accurate records of their employees pursuant thereto.

6. Plaintiff is entitled to a judgment enjoining the defendants from violating the provisions of Sections 6, 7, 11(c), 15(a) (2) and 15(a) (5) of the Act. Mitchell v. Pidcock, 299 F.2d 281 (C.A. 5); Goldberg v. Cockrell, 303 F.2d 811 (C.A.5); Mitchell v. Hausman, 261 F.2d 778 (C.A.5); Mitchell v. Ballenger Paving Co., 299 F.2d 297 (C.A.5).

Let judgment be entered accordingly.

## JUDGMENT

The above entitled action came before the Court for pre-trial hearing on April 12, 1966, the plaintiff appearing by his attorney, Morton J. Marks, Esq., and the defendants appearing by Woodrow de Castro, Esq., and evidence having been received, and the Court having filed its Findings of Fact and Conclusions of Law, and for cause shown:

It is ordered, adjudged and decreed that defendants Transportes Baxter, S. A., Air Van Pack, Inc., and F. S. Rudesheim, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest, be and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter referred to as the Act, in any of the following manners:

1. Defendants shall not, contrary to Section 6 of the Act, fail to pay to any of their employees who are engaged in commerce, as defined in the Act, wages at less than the minimum rate applicable under the Act.

2. Defendants shall not, contrary to Section 7 of the Act, employ any of their employees engaged in commerce, as defined in the Act, for a workweek longer than forty (40) hours, unless the employee receives compensation for his employment in excess of forty (40) hours at a wage rate not less than one and one-half times the regular wage rate at which he is employed.

3. Defendants shall not, contrary to Section 15(a) (5) of the Act, fail to make, keep and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by regulations of the Administrator of the Wage and Hour Division, United States Department of Labor, issued pursuant to Section 11(c) of the Act and found in 29 CFR, Part 516.

It is further ordered, adjudged and decreed that no costs or disbursements be allowed.