**BREWER'S INC. and Robert H. Brewer d/b/a Brewer's Furniture Discount Center, Appellants,**

**v.**

**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellee.**

**No. 23190.**

United States Court of Appeals
Fifth Circuit.
April 14, 1967.

Vance Dunnam, W. V. Dunnam, Jr., Dunnam, Dunnam & Dunnam, Waco, Tex., for appellants.

Bessie Margolin, Assoc. Sol., Dept. of Labor, Anastasia T. Dunau, Atty., Dept. of Labor, Washington D. C., Charles Donahue, Sol. of Labor, Robert E. Nagle, Atty., Dept. of Labor, Washington, D. C., Major Parmenter, Regional Atty., for appellee.

Before HUTCHESON and DYER, Circuit Judges, and SPEARS, District Judge.

HUTCHESON, Circuit Judge:

This appeal is from a judgment permanently enjoining employers from violating certain provisions of the Fair Labor Standards Act of 1938.[1] The principal issue is whether the employees are exempted from coverage of the Act by the "retail establishment exemption."[2] Although the district court

---

1. 52 Stat. 1060, as amended, 29 U.S.C. Sec. 202 et seq.

2. 29 U.S.C. § 213(a) (2) provides that the minimum wage provisions shall not apply

with respect to—any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the

found that the employees were employed by two separate retail establishments, it concluded that they were not exempt on the ground that the exemption applies only to employees who are employed by one, and no more than one, retail establishment. We reverse, holding that the district court erred in thus limiting the application of the exemption.

The Secretary of Labor brought this action seeking to enjoin appellants Brewer's Inc. and Robert H. Brewer, doing business as Furniture Discount Center, from violating the minimum wage and recordkeeping provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. Secs. 215(a) (2), (a) (5). It was alleged that for the period January 6, 1962, to October 19, 1963, appellants had failed to pay minimum wages to seven employees and to keep adequate records. The evidence disclosed that Brewer's, Inc. operates two retail furniture stores, hereafter called the corporation stores, in Waco, Texas. The corporation stores, although located around the corner from each other in the same city block, are operated as distinct retail stores. Each store has a showroom from which it sells new and used furniture. Within the same block, but physically separated from the showrooms, are situated three small sheds in which are stored damaged and traded-in furniture, and furniture for which there is not space in a showroom.

Robert Brewer, majority stockholder of Brewer's Inc., owns in sole proprietorship another retail furniture store, hereafter called the Lake Air store, which is located approximately four miles away from the two corporation stores. The Lake Air store does not maintain any storage area near its showroom.

Out-of-state shipments of furniture were received regularly at all three stores. Shipments to the corporation stores were delivered to the nearby storage area, either directly by carrier or by the employees who picked up some shipments at the railroad station. Some of the delivered goods were placed on the showroom floors immediately while others were stored for a period of time. Shipments to the Lake Air store generally were delivered directly to that store; afterwards some of these deliveries were removed to the sheds owned by Brewer's, Inc.

The employees were paid by Brewer's Inc., but they performed various kinds of work for the Lake Air store as well as the two corporation stores. After transporting railroad freight to the storage area, they unloaded and uncrated it along with other shipments delivered there by carriers. These unloading and uncrating activities occupied less than half their working time. For the majority of their working time, the employees moved furniture from the storage area to the showrooms, arranged furniture in the showrooms, delivered furniture to customers, picked up traded-in furniture, and performed custodial work.

After a nonjury trial, the district court found that five of the employees were engaged in activities in interstate commerce[3] and thus were covered by the Act[4] unless the retail establishment exemption applied. The court held that the two corporation stores constituted one retail establishment and that the Lake Air store constituted a second retail establishment. However, the court felt that the exemption was inapplicable because the employees worked for both re-

state in which the establishment is located.

A "retail or service establishment" shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry.

3. No appeal is taken from the finding by the district court that two employees Willie F. Irvin and Joe Williams, did not regularly engage in activities covered by the Act.

4. The minimum wage provisions apply to each of the employees who in any workweek is "engaged in commerce." 29 U.S. C. Sec. 206.

tail establishments and therefore "were not employed by a single retail establishment." An injunction was granted and restitution of unpaid minimum wages to the five employees was ordered. On appeal it is contended that the court below erred both in holding that the employees were engaged in commerce and that the retail establishment exemption is unavailable.

■■ We have no difficulty concluding that the district court rightly determined the commerce issue. In order to establish that an employee is covered by the Act, the Secretary is required to show that a substantial part of the employee's activities relate to goods moving in interstate commerce. Walling v. Jacksonville Paper Co., 317 U.S. 564, 572, 63 S. Ct. 332, 87 L.Ed. 460 (1943). It was admitted that during each workweek of the period involved, out-of-state shipments of furniture were regular and comprised at least 40% of all incoming goods. The district court found that the employees regularly unloaded incoming shipments. Appellants assert that the Secretary failed to establish precisely which interstate shipments the employees had unloaded. But it is not necessary that the interstate activities be identified with exactness. Cf. Mitchell v. Warren, 213 F.2d 273, 274 (5th Cir. 1954). Furthermore, these employees performed numerous activities in addition to the unloading of out-of-state goods which would serve to bring them within the Act, for example, uncrating, storing, carrying furniture to, and arranging it in, the showrooms. See Wirtz v. C & P Shoe Corp., 336 F.2d 21, 26 (5th Cir. 1964); Mitchell v. Sunshine Dept. Stores, Inc., 292 F.2d 645, 648 (5th Cir. 1961).

■■ We deal now with the retail establishment exemption which exempts from the minimum wage requirements of the Act "any employee employed *by any* retail or service establishment * * *." (emphasis added) 29 U.S.C. Sec. 213(a) (2). The holding of the court below that the employees, although employed by two retail establishments, are not within the exemption because they are not employed by a single retail establishment is clearly unsupportable. The plain words of the statute do not restrict the exemption to employees employed by only one retail establishment, and no authority has been found favoring such a restriction. The exemption applies to any employee of any retail establishment. We see no reason why a retail establishment whose employees are otherwise exempt should lose the exemption for any employee whom it permits to perform work for another retail establishment as long as the employees are working for retail establishments, and the Secretary does not press upon us any reason for making such a distinction. We therefore hold that it was immaterial with respect to application of the exemption that the employees performed work in connection with the Lake Air store in addition to working for the two corporation stores; accordingly the employees remained exempt from the Act.

■ The Secretary argues that we have construed the district court's holding too broadly. It is asserted that the court intended to hold merely that these employees, while serving the three stores, were working in a warehouse (a non-exempt wholesale establishment) and not in a retail establishment. This argument falls under the circumstances of this case, however, for the simple reason that there was no "warehouse" for which the employees could have worked. The operation of these storing facilities in no way resembles that of the combination warehouse and central office common to chain-store systems. These small sheds, in addition to containing furniture until there was space for it in the showrooms, stored damaged and traded-in furniture, some of which was sold directly from the storage area. No invoices or receipts were used to check items in or to transfer furniture to the stores. No inventory of the items was kept. In short this type of storage area must be considered not as a group of warehouse establishments but rather as

an integrated part of the kind of local furniture stores, retail establishments, which Congress intended to exempt. See 2 U.S.Code Cong.Serv. p. 2264, 81st Cong. 1st Sess., 1949.

 Although not determinative in this case, we should mention that the two corporation stores must be viewed as two separate and distinct retail establishments, not one combined retail establishment as the district court held.[5] They are distinct physical places of business operated as separate retail outlets.[6] Thus each of the three retail stores is a retail establishment.

Holding as we do that the employees were exempt from the coverage of the Act by the exemption claimed, the judgment that appellants were in violation of the Act must be reversed.

---

5. This conclusion would be material if either of the two corporation stores, when considered as separate retail establishments, failed to meet the percentage requirements of section 213(a) (2). See note 2 supra. However, those requirements are satisfied since it is undisputed that all sales were to intrastate customers, at retail and not for resale.

6. See Mitchell v. Bekins Van & Storage Co., 352 U.S. 1027, 77 S.Ct. 593, 1 L.Ed.2d 589 (1957) (per curiam); A. H. Phillips, Inc. v. Walling, 324 U.S. 490, 496, 65 S.Ct. 807, 89 L.Ed. 1095 (1945); McComb v. Wyandotte Furniture Co., 169 F.2d 766, 769 (8th Cir. 1948).