James A. LEWIS et al., Appellants,

v.

BRANDT FURNITURE, INC., Appellee.

No. 25939.

United States Court of Appeals
Fifth Circuit.

Oct. 17, 1968.

Herschel N. Knight, Knight & Knight, Jennings, La., for appellants.

Don Aaron, Jr., Aaron & Aaron, Crowley, La., John G. Torian, II, David-son, Meaux, Onebane & Donohoe, Lafayette, La., for appellee.

Before GEWIN and BELL, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

Employees of Brandt Furniture, Inc. initiated this action in the United States District Court for the Western District of Louisiana seeking to recover unpaid minimum wages and overtime compensation, plus damages and attorneys' fees, allegedly due them under provisions of the Fair Labor Standards Act, as amended. 29 U.S.C. § 201 et seq. The court held that Brandt Furniture, Inc. is a retail establishment and that its employees are therefore excluded from the Act's coverage. 29 U.S.C. § 213(a). We affirm.

The material facts are not in dispute. Jacob Brandt owns and operates two separately-incorporated furniture stores, one located in Crowley, and the other in Rayne, Louisiana. The Crowley corporation was named as defendant in the suit. As a part of the Crowley operation, Brandt rents a warehouse which measures approximately 100 feet by 40 feet and is located near a railroad siding. Large appliances and bulky pieces of furniture are received and stored at the warehouse until needed at either the Crowley or the Rayne store. No employees are stationed at the warehouse and no records are kept there. The merchandise is included in the general inventory of the Crowley store without designation as to whether it is located in the store itself or in the warehouse.

Appellant-employees contend that the use made of this warehouse shows that it was a separate wholesale warehousing establishment, serving a "wholesale function," and that the retail exemption provisions of the Act do not apply. For the reasons enumerated in Grimes v. Castleberry, 381 F.2d 758 (5th Cir. 1967), and Brewer's Inc. v. Wirtz, 375 F.2d 911 (5th Cir. 1967), we reject such a characterization and uphold the district court's determination that this storage

area was used as nothing more than a space to keep back-up merchandise for the Crowley and Rayne stores. In a thorough opinion the District Judge carefully analyzed the facts and the applicable law and it is our opinion that he reached the correct conclusion.

Judgment affirmed.