

# The Attorney General of Texas

December 17, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Fred S. Brinkley, Jr.
Executive Director/Secretary
Texas State Board of Pharmacy
211 East 7th Street, Suite 1121
Austin, Texas   78701

Opinion No. MW-410

Re:   Construction   of   House
Bill   No.   1628,   the   Texas
Pharmacy Act

Dear Mr. Brinkley:

You have asked several questions concerning the interpretation of the recently enacted article 4542a-1, V.T.C.S., Texas Pharmacy Act, Acts 1981, Sixty-seventh Legislature, chapter 255, at 638.

We note, at the outset, that the act deals with two separate and distinct licenses -- the license of the pharmacist and the license of the pharmacy.

A license to operate a pharmacy is <u>not</u> restricted to licensed pharmacists. Any individual or entity may apply for a license to operate a pharmacy; section 30 of the act simply requires that the applicant for a license to operate a pharmacy furnish certain information, including the pharmacist license number of each <u>pharmacist</u> employed by the pharmacy and the license number of the <u>pharmacist-in-charge.</u> Sections 5(25) and (26), respectively, define the terms "pharmacist" and "pharmacist-in-charge."

"Practice of pharmacy" is defined in section 5(29) to include dispensing drugs and devices which require a prescription. Section 19(a) makes it unlawful for a <u>person to dispense or distribute prescription drugs unless he is a licensed pharmacist or is authorized by the act to dispense or distribute prescription drugs.</u>

The principal class authorized by the act to dispense drugs without being a licensed pharmacist is the "practitioner." "Practitioner" is defined in section 5 as follows:

> (30)   "Practitioner"   means   a   physician, dentist, podiatrist, veterinarian, or other person licensed or registered to distribute or dispense a prescription drug or device in the course of professional practice in this state or a person licensed by another state in a health field in

> which, under Texas law, licensees in this state
> may legally prescribe dangerous drugs.
> 'Practitioner' does not include a person licensed
> under this Act.  (Emphasis added).

Section 19(c) provides that a practitioner who supplies his own patients with drugs is not engaged in the practice of pharmacy, so long as such practitioner does not operate a pharmacy for the retailing of prescription drugs.

Thus, it seems clear, at this point, that it is the intent of the act to preclude all but licensed pharmacists from dispensing prescription drugs, except that a practitioner may supply prescription drugs to his own patients.  When the practitioner supplies his own patients he is not regarded as practicing pharmacy.  However, if a practitioner exceeds the very narrow exception provided him in the act, and is, in fact, engaged in the practice of pharmacy, such practitioner must be licensed as a pharmacist under this act.

You ask:

> May a practitioner operate a licensed
> pharmacy without employing a pharmacist or
> pharmacist-in-charge of the pharmacy?

As previously stated, any entity may be licensed to operate a pharmacy; however, no pharmacy may be operated unless there is a pharmacist-in-charge of the operation who must be a licensed pharmacist.  Since section 30(b)(4) requires that the applicant for a pharmacy license designate on the application the name and pharmacist license number of the pharmacist-in-charge of the pharmacy, it necessarily follows that, unless there is a pharmacist-in-charge, the pharmacy may not legally operate.  We therefore conclude that a practitioner may not operate a pharmacy without employing and designating a pharmacist-in-charge who is a licensed pharmacist.

You next ask:

> May a practitioner dispense prescription drugs
> from a licensed pharmacy pursuant to a lawful
> prescription order of another practitioner?

The dispensing of prescription drugs is the practice of pharmacy, unless such dispensing occurs under the very narrow exception allowed a practitioner.  A practitioner who dispenses or provides drugs to his own patients is not, by definition, engaged in the practice of pharmacy.  However, if a practitioner lawfully prescribes drugs for his patients and another practitioner fills this prescription, the latter practitioner is engaging in the practice of pharmacy.

We conclude, therefore, that a practitioner may not fill a prescription upon the order of another practitioner, since this would constitute the practice of pharmacy.

You ask:

> If a practitioner dispenses prescription drugs
> from his office and charges a fee for the drugs
> that is separate from the fee of medical services,
> is he operating a pharmacy?

We answer in the affirmative. Section 5(28) defines "pharmacy" as "a facility where the practice of pharmacy occurs." Section 5(29) defines the "practice of pharmacy" as including the offering or performing of "services and transactions necessary to operate a pharmacy." Where a fee separate from the practitioner's fee for medical services is charged for the dispensing of drugs, we believe the practitioner engages in the "practice of pharmacy." Cf. Attorney General Opinion V-1284 (1951) (physician could not dispense medication for which separate fee was charged prior to Pharmacy Act amendment authorizing physician to operate a dispensary). Section 19(c) provides that the statute "does not apply to a practitioner licensed by the appropriate state board who supplies his patients with drugs in a manner authorized by state or federal law and who does not operate a pharmacy for the retailing of prescription drugs." A "retail" sale has been defined as a sale directly to the ultimate consumer. Websters Third International Dictionary at 1938; see White Motor Company v. Littleton, 124 F2d 92 (5th Cir. 1941). We believe a physician who charges a separate fee for dispensing drugs to a patient for self-medication engages in the retailing of drugs. When a physician retails drugs, he is engaging in the practice of pharmacy within the statutory definition. A physician may, however, administer drugs directly to his patients, see sections 5(2), 19(d), and we believe he may make a separate charge for so doing without engaging in the practice of pharmacy.

You next ask:

> Is a written prescription for a dangerous
> drug or controlled substance lawful if it does not
> contain two signature lines for the physician to
> sign as prescribed by section 40(g) of the Texas
> Pharmacy Act?

Section 40 of the act takes effect January 1, 1982. Texas Pharmacy Act, Acts 1981, 67th Leg., ch. 255, sec. 45(b), at 663. It provides as follows:

(g)  No written prescription may be dispensed unless it is ordered on a form containing two signature lines of equal prominence, side-by-side, at the bottom of the form.  Under either signature line shall be printed clearly the words 'product selection permitted,' and under the other signature line shall be printed clearly the words 'dispense as written.'  The practitioner shall communicate dispensing instructions to the pharmacist by signing on the appropriate line.  If the practitioner's signature does not clearly indicate that the prescription must be dispensed as written, generically equivalent drug selection is permitted.  No prescription form furnished by a practitioner shall contain a preprinted order for a drug product by brand name, generic name, or manufacturer.

We see no room for interpretation of this section.  There is no ambiguity.  The mandate of the statute is clear and unequivocal and therefore, must be enforced according to its specific terms.  Brazos River Authority v. City of Graham, 354 S.W.2d 99 (Tex. 1961).  It is our conclusion, therefore, that after January 1, 1982, a written prescription may not be dispensed unless it is on a form as required by the act.  Since your remaining questions are predicated upon an affirmative answer to the preceding question, they need not be answered.

## S U M M A R Y

A "practitioner" may not practice pharmacy unless he is also licensed as a pharmacist under this act.  No licensed pharmacy may legally operate unless there is a pharmacist-in-charge who is a licensed pharmacist.  A practitioner who undertakes to fill a prescription of another practitioner engages in the practice of pharmacy, which he may not do unless licensed as a pharmacist.  A practitioner who dispenses drugs to his own patients from his office, and charges a separate fee therefor, is engaged in the practice of pharmacy, which he may not do unless licensed as a pharmacist.  After January 1, 1982, no written prescription is lawful unless it is on a form which meets the requirements of section 40(g) of the act.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Robert Gauss
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Robert Gauss
Rick Gilpin
Jim Moellinger