### WIDEMAN et al. v. BLANCHARD & CALHOUN REALTY CO. et al.

#### No. 216.

District Court, S. D. Georgia, Augusta Division.

June 21, 1943.

Robert A. Persky, of Augusta, Ga., for plaintiffs.

Lee, Congdon & Fulcher, of Augusta, Ga., for defendants.

LOVETT, District Judge.

This is an action brought under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., to recover unpaid wages and overtime compensation and an additional equal amount as liquidated damages, costs and a reasonable attorney's fee, provided for by the Act. The question for decision is the applicability of the Act.

The suit was originally instituted by Frank A. Williams individually and as agent of the other plaintiffs, Wideman and Chapman. Being submitted to the court as trior of the facts, a hearing was held at which Williams testified the proceedings were brought without his authority or consent. Thereupon, the plaintiffs consented to an order discontinuing the suit as to Williams individually and as agent and allowing it to proceed in the names of the other two plaintiffs. Certain defendants shown to have no interest in the subject-matter were also dismissed.

The remaining defendants are the rental agents and the owners of a two story brick building in Augusta, Ga., the lower or street level floor of which is occupied chiefly by retail stores and the upper floor by tenants who have offices there. The plaintiffs are maintenance employees working about the building, serving as janitors and firemen of the furnace heating the building. There is no production for commerce within the building.

This case is ruled adversely to plaintiffs by Johnson et al. v. Dallas Downtown Development Co., 5 Cir., 132 F.2d 287, certiorari denied. April 19, 1943, 63 S.Ct. 994, 87 L.Ed. ——, unless on its facts it is fairly distinguishable.

Paintiffs urge with much earnestness that an optician and a camera shop on the first floor of the building "produced" goods for commerce within the meaning of the Act, and that certain other tenants, such as a passenger agent of an interstate railroad, local insurance offices, doctors, a business school and others who to a greater or less degree used the U. S. mails, telegraph and telephone facilities to communicate with persons in other states, were "engaged in commerce", and, therefore, the Act is applicable to them. A. B. Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638.

The use of the mails and like facilities by the tenants to communicate with persons beyond the state on matters of business, and occupancy of one office by the passenger agent of a railroad doing an interstate business, are insufficient to bring the employees within the coverage of the Act. I have examined the transcript in the Johnson case, supra, decided by the Circuit Court of Appeals for this Circuit, and the same conditions as to the activities and business of the tenants existed there. The

Court there said: "We do not think that Congress intended that the Act with respect to those who are only 'engaged in commerce' should be stretched and strained to cover every person whose labor is of use or convenience or whose labor in some fashion contributes to the comfort or convenience of one who is so engaged. * * * Clearly, Congress intended the coverage of the Act to stop somewhere, and the line bounding coverage must be drawn somewhere". 132 F.2d at pages 289, 290. In the Kirschbaum case, supra, the tenants of the buildings were principally engaged in the production of goods for commerce, and some of the employees in some instances handled some of the goods so produced. In the instant case, if it can be said that an optician and camera shop produced goods for commerce, they were not principally so engaged. And the plaintiffs here handled none of the goods so produced. But in my view they were not engaged in the production of goods for commerce. The camera shop is primarily a retail store selling kodaks, films, etc. Some of the films are developed for customers by sending them out of the state for the purpose, and some of these customers reside in South Carolina. At one time the processing was done in the store. Also at one time the shop sold supplies in what might be called wholesale quantities to drug stores in the territory adjacent to and within Augusta, Ga. Ninety-nine per cent of the sales are at retail. All goods come to rest in the store; there is no continuity of movement. The customers of the shop dealt with it over-the-counter principally, though some of them live in South Carolina, not many. These facts not only do not change the business from a retail establishment, the employees of which are exempt from the Act by Sec. 13(a) (2), 29 U.S.C.A. § 213·(a) (2), to a wholesale business, but if it were wholesale to a limited degree its employees are not within the Act. Walling, Adm'r, v. Jacksonville Paper Co., 317 U.S. 564(5), 571, 63 S.Ct. 332, 87 L.Ed. ——. And the optician's business stands in no better light. He cuts and edges the lenses, and fits and assembles eye-glasses, but sells the completed article over the counter to the customers who call at his store. Some of them from time to time who purchase his goods live across the Savannah river in South Carolina. His business is entirely retail and he also conducts a service establishment. See Snavely v. Shugart, D.C., 45 F.Supp. 722.

There are other defenses, such as statute of limitations, Ga.Code, Sec. 3-704 as amended by Act of March 20, 1943, and failure of plaintiffs to carry the burden of proof as to the number of hours worked (see Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172(5), 175; Epps v. Weathers, 49 F.Supp. 2, decided by this court January 11, 1943), which in view of what has been said I deem it unnecessary to consider.

It follows the judgment should be for the defendants. Let an order be presented.